[Docket No. 54]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>Plaintiff,</br></br>v.</br></br>WILLIAM CARTER,</br></br>Defendant. | Crim. No. 17- 418 (RMB)</br></br>**OPINION** |

**BUMB, U.S. District Judge**

This matter comes before the Court upon a Motion for Return of Property under Rule 41(g) by the defendant, William Carter ("Defendant"). [Docket No. 54.] For the reasons set forth in greater detail below, Defendant's motion shall be denied. Defendant fails to identify any provable circumstances under which the relief sought could be granted.

I.   **BACKGROUND**

On October 24, 2019, the Court entered Judgment against Defendant ordering him to pay a special assessment in the amount of $100 and restitution in the amount of $99,286.67 ($99,186.67 plus interest). [Docket No. 38.] The Court ordered

Defendant to pay a special assessment and restitution "due immediately." *Id.* The Government claims that as of March 30, 2022, Defendant's outstanding balance including interest, totals $100,678.50.

Defendant's pending Motion for Return of Property came in response to an April 1, 2022, filing by the Government seeking a Turnover Order to allow the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE") to turnover $2,806.00 of Defendant's money in BATFE's possession to apply to Defendant's Court-ordered restitution. [Docket No. 49.] The Court granted the Turnover Order on April 6, 2022. [Docket No. 50.] Defendant then filed a Motion to Object to Turnover Order [Docket No. 54], to which the Government replied with a letter in opposition. [Docket No. 57].

II.   **LEGAL STANDARD**

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion."

The Third Circuit has ruled that there is no requirement that this Court "necessarily conduct an evidentiary hearing on every Rule 41(g) motion. *Peloro v. United States*, 488 F.3d 163, 176 (3d Cir. 2007) [*citing United States v. Albinson*, 356 F.3d 278, 281 (3d Cir. 2004)]. An evidentiary hearing is "only required if needed to determine a disputed issue of fact necessary to the resolution of the motion." *Peloro,*

488 at 176. Moreover, it is the burden of the movant to provide provable circumstances under which relief, the return of property, should be granted. *Id.*

### III.   ANALYSIS

#### A. Defendant's Argument that Participation in the Bureau of Prisons ("BOP") Inmate Financial Responsibility Program ("IFRP") Does not Impact the Turnover Order.

Defendant argues that because he actively participates in the IFRP, a BOP program that assists inmates in meeting their financial obligations, the $2,806.00 obtained by BATFE was unlawfully garnished from his account. [Docket No. 54.]

The Government correctly contends that "regardless of any payment schedule, [when] the judgment provides that restitution is 'due immediately,'" the government may utilize "garnishment" to collect on a restitution judgment. *United States v. Shusterman*, 331 Fed. App'x 994, 997 (3d Cir. 2009). The Government notes that in *Shusterman*, as in this matter, the "judgment provide[d] that restitution [was] due immediately and recommended that Shusterman participate in the Bureau of Prisons Inmate Financial Responsibility Program." *Id.* Moreover, the Court held in *Shusterman* that "the District Court did not err in allowing garnishment as an additional means to collect the restitution judgment," further illustrating that an inmate's participation in the IFRP has no impact on whether this Court can allow garnishment or turnover when the judgment includes the verbiage "due immediately." *Id.*

3

### B. The Government is Not Attempting to Enforce the Judgment Beyond its Plain Terms.

The Court finds that the Government is not attempting to modify the payment schedule previously issued by this Court. As the Government notes, Defendant has misconstrued the Government's Motion for Turnover as a motion to alter Defendant's payment schedule. [Docket No. 57.] The Government is not attempting to alter the payment plan, but rather attempting to enforce the Judgment of this Court as previously decided. As aforementioned, Defendant's payments through the IFRP is not the only way the Government can execute the restitution judgment against the Defendant.

Pursuant to 18 U.S.C. §3613(a), the Government is entitled to garnish or turnover any assets or funds not exempt under the statute to satisfy Defendant's debt. Here, Defendant acknowledges that the funds held by BATFE were his and makes no argument that the funds are exempt under 18 U.S.C §3613(a). Therefore, there is no reason why the $2,806.00 cannot be garnished and used for the payment of Defendant's restitution.

### C. Defendant's Argument that the Funds Must be Returned because they are not Drug Proceeds.

Defendant argues that the Government cannot put the $2,806.00 held by BATFE towards Defendant's restitution payments because the money does not constitute drug proceeds collected by Defendant. However, unlike with a forfeiture action, the enforcement of restitution does not require that the funds paid towards the debt be acquired through criminal activity. The Court agrees with the

Government that Defendant's third argument conflates the turnover order with a forfeiture action. Defendant's argument misstates the applicable law.

### D. Defendant is Not Entitled to an Evidentiary Hearing Subject to Rule 41(g).

Finally, Defendant argues that under Rule 41(g) of the Federal Rules of Criminal Procedure, he is entitled to an evidentiary hearing for the return of the $2,806.00 turned over by BATFE. A Motion to Return Property under Rule 41(g) is applicable when lawfully owned property by a defendant is withheld after the conclusion of a judicial process. Here, the Defendant was not unlawfully deprived of the $2,806.00 because the funds were squarely within and subject to the restitution Judgment entered against Defendant by this Court. Defendant does not contend that the funds were exempt from the Judgment, nor could he. The Court is satisfied that there is no disputed issue of fact necessary to the resolution of Defendant's motion presently before it. Thus, no evidentiary hearing is required under Rule 41(g).

## IV. CONCLUSION

Defendant has failed to identify any provable circumstances for which the relief sought in his Motion for Return of Property could be granted. The Government has not acted unlawfully in its ongoing effort to collect funds owed by Defendant for restitution. Accordingly, Defendant's Motion for Return of Property shall be denied. An accompanying order as of today's date shall issue.

<u>July 15, 2022</u>                                          s/Renée Marie Bumb
Date                                                              Renée Marie Bumb
                                                                       U.S. District Judge